THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

* * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Houston, Texas |
| | * | March 20, 2012 |
| VS. | * | |
| | * | 2:03 p.m. - 2:15 p.m. |
| JOSE MAUEL MENDOZA-HERNANDEZ | * | NO. 12-CR-132 |
| **ISAURA HERNANDEZ-LOZANO** | * | **NO. 12-CR-136** |
| FRANKLIN PERALTA-MARTINEZ | * | NO. 12-CR-144 |
| VICENTE DIAZ-MARCELO | * | NO. 12-CR-155 |

* * * * *

**INITIAL APPEARANCE / ARRAIGNMENT**

BEFORE THE HONORABLE NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE

* * * * *

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER. UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.**
**General Order 94-15, United States District Court, Southern District of Texas**

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

**APPEARANCES**:

For the United States:

MR. HAYS JENKINS
**U.S. Attorney's Office**
P.O. Box 61129
Houston, Texas 77208-1129

For Defendants:

MR. GERARDO HARRY GONZALES
**Attorney at Law**
1001 Texas Avenue, Suite 1400
Houston, Texas 77002

Court Interpreter:

STAFF INTERPRETER

Electronic Recorder:

EBONEE MATHIS

**P R O C E E D I N G S**

**2:02 p.m. - March 20, 2012**

THE COURT: All right, good afternoon, everyone. Please be seated.

All right, this is the United District Court for the Southern District of Texas. I'm Magistrate Judge Nancy Johnson.

Let me call for initial appearance, United States vs. Jose Manuel Mendoza-Hernandez, Isaura Hernandez-Lozano, Franklin Peralta-Martinez, and Vicente Diaz-Marcelo.

MR. JENKINS: Good afternoon, Your Honor, Hays Jenkins for the United States.

MR. GONZALES: Harry Gonzales for the defendants, Your Honor.

THE COURT: Mr. Diaz, stand on the end next to Mr. Gonzales, because I have you all, I think -- I'm trying to get you organized -- in an order at least I understand.

Sir, on the far right-hand side, you are Mr. Mendoza-Hernandez; correct?

DEFENDANT MENDOZA-HERNANDEZ: Yes.

THE COURT: And then we have Mr. Hernandez-Lozano.

DEFENDANT HERNANDEZ-LOZANO: Yes.

THE COURT: And then Mr. Peralta-Martinez? Yes.

And then on the end, Mr. Diaz-Marcelo.

DEFENDANT DIAZ-MARCELO: Marcelo.

All right, good afternoon. Have each of you received a copy of the indictment in your case?

DEFENDANT MENDOZA-HERNANDEZ: Yes.

DEFENDANT HERNANDEZ-LOZANO: Yes.

DEFENDANT PERALTA-MARTINEZ: Yes.

DEFENDANT DIAZ-MARCELO: Yes.

THE COURT: All right, let's go over the charge.

Mr. Mendoza-Hernandez, you are charged with illegally re-entering the United States after you were convicted of a felony and then deported. The penalty range that you face is up to 10 years in prison and up to a $250,000 fine.

Do you understand the charge?

DEFENDANT MENDOZA-HERNANDEZ: I don't have all of that money to pay with.

THE COURT: That is not the point. The point is that that is a potential fine. The point is do you understand the charge?

DEFENDANT MENDOZA-HERNANDEZ: Yes, but I don't have any money.

THE COURT: That is noted.

Next, Mr. Hernandez-Lozano, you are charged with illegally re-entering the United States after you were convicted of an aggravated felony and then deported. The penalty range that you face is up to 20 years in prison and up to a $250,000 fine.

Do you understand the charge?

DEFENDANT HERNANDEZ-LOZANO: Yes.

THE COURT: Mr. Peralta-Martinez, you are charged with illegally re-entering the United States after you were convicted of an aggravated felony and then deported. The penalty range that you face is up to 20 years in prison and up to a $250,000 fine.

Do you understand the charge?

DEFENDANT PERALTA-MARTINEZ: Yes.

THE COURT: And Mr. Diaz-Marcelo, you are charged with illegally re-entering the United States after you were deported. The penalty range that you face is up to two years in prison and up to a $250,000 fine.

Do you understand the charge?

DEFENDANT DIAZ-MARCELO: Yes.

THE COURT: In addition to the penalties I've just stated, Mr. Diaz, you face up to one year supervised release, the other three of you face up to

three years supervised release, and a $100 special assessment.

Now, with respect to your charge, each of you has the right to remain silent and not make any statement. If you choose to make a statement, it can be used against you. Do each of you understand that?

Mr. Mendoza-Hernandez, do you understand?

DEFENDANT MENDOZA-HERNANDEZ: Yes.

THE COURT: Mr. Hernandez-Lozano, do you understand?

DEFENDANT HERNANDEZ-LOZANO: Yes.

THE COURT: Mr. Peralta-Martinez, do you understand?

DEFENDANT PERALTA-MARTINEZ: Yes.

THE COURT: And Mr. Diaz-Marcelo, do you understand?

DEFENDANT DIAZ-MARCELO: Yes.

THE COURT: Each of you also has the right to be represented by an attorney at all stages of this criminal proceeding. If you cannot afford an attorney, one will be appointed for you. I have reviewed your financial information, I have found that each of you qualifies for appointed counsel, and I have appointed Mr. Gonzales to represent each of you in your cases.

Now, Mr. Jenkins, what is your motion on

bond?

MR. JENKINS: Your Honor, may it please the Court. We would move to detain each of the individuals before this Court. None have legal status in the United States, each presents a flight risk, and detainers have been filed in each case.

THE COURT: Mr. Gonzales, what do your clients wish to do?

MR. GONZALES: They are awaiting the detention hearing, Your Honor.

THE COURT: And have all the forms been signed?

MR. GONZALES: Yes, they have.

THE COURT: Very well. Then with respect to all four of you, the Court finds that you present a serious risk of flight and you will be detained in Marshal custody while that matter is pending. I'm sure Mr. Gonzales explained to you the effect of the detainer. That is, even if you could convince me that you had ties to the community and that you were bondable, you would be released from this courthouse into that ICE detainer where you would be held in custody and not get a bond; and importantly, you would not get credit for time served. So, by waiving the detention hearing and going into Marshal custody, you have opted for the better of two bad choices.

Now, Mr. Gonzales, are your clients ready to proceed to arraignment?

MR. GONZALES: Yes, Your Honor.

THE COURT: Do you wish to waive formal reading of the charges on their behalf?

MR. GONZALES: We do, Your Honor.

THE COURT: Then, as to you, Mr. Mendoza-Hernandez, how do you plead, guilty or not guilty?

DEFENDANT MENDOZA-HERNANDEZ: Not guilty.

THE COURT: A plea of "not guilty" will be entered. Your case was assigned to Judge Gilmore. She set your trial for May 29th at 1:30, and she asks that you and the lawyers sign the form in front of you.

Mr. Jenkins, why don't you go first and sign that form.

MR. JENKINS: Yes, Your Honor, I am signing it.

THE COURT: On the screen, on the tablet.

MR. JENKINS: Oh, on the tablet. I haven't seen that hi-tech, Judge. Is this the pen you use for this?

THE COURT: It is.

MR. JENKINS: Okay. I feel honored.

THE COURT: Just don't make any little happy smiley faces. One of your colleagues did.

MR. JENKINS: Oh, really? He's been fired.

***[Pause]***

MR. GONZALES: It's been signed, Your Honor.

THE COURT: All right. Why don't we get the copies distributed.

Sir, do you have any questions about anything we have discussed?

DEFENDANT MENDOZA-HERNANDEZ: Yes, but I want you to deport me as fast as possible because I'm never going to be coming back.

THE COURT: Let me just say this. You probably will be deported, but only after you have been prosecuted and served your time for this particular charge, all right? I'm sure you can talk to your lawyer about that. All right, you may have a seat.

All right. Mr. Hernandez-Lozano, to the charge, how do you plead, guilty or not guilty?

DEFENDANT HERNANDEZ-LOZANO: Not guilty.

THE COURT: A "not guilty" plea will be entered. Your case was assigned to Judge Ellison. He has set your trial for May 7 at 9:00, along with other dates, and he asks that you and the lawyers sign the form.

***[Pause]***

MR. GONZALES: It's been signed, Your Honor.

THE COURT: All right. Do you have any questions about anything we've discussed?

DEFENDANT HERNANDEZ-LOZANO: No. I will get in touch with the attorney so that he will lead me.

THE COURT: Very well. All right. Thank you.

Mr. Peralta-Martinez, to the charge, how do you plead, guilty or not guilty?

DEFENDANT PERALTA-MARTINEZ: Not guilty.

THE COURT: A "not guilty" plea will be entered. Your case was assigned to Judge Hittner. He's set May 22nd at 10:00 for your trial, along with other dates, and he asks that you and the lawyer sign the form.

***[Pause]***

MR. GONZALES: It's been signed, Your Honor.

THE COURT: All right, sir, do you have any questions about anything we've discussed?

DEFENDANT PERALTA-MARTINEZ: No, thank you.

THE COURT: All right. Then you may have a seat. Good luck to you.

Mr. Diaz, to the charge, how do you plead, guilty or not guilty?

DEFENDANT DIAZ-MARCELO: Not guilty.

THE COURT: A "not guilty" plea will be entered. Your case was assigned to Judge Ellison. He's

set your trial for May 7 at 9:00 a.m., and he asks that you and the lawyer sign the form.

***[Pause]***

MR. GONZALES: It's been signed, Your Honor.

THE COURT: All right. Sir, do you have any questions about anything we've discussed?

DEFENDANT DIAZ-MARCELO: No.

THE COURT: Then you may have a seat. Good luck to you.

MR. GONZALES: May I be excused, Your Honor?

THE COURT: You may be excused.

MR. GONZALES: Thank you.

THE COURT: Thank you for coming.

**[2:15 p.m. - Proceedings adjourned]**

C E R T I F I C A T I O N

I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Gwen Reed

9-9-12